IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41438
Conference Calendar

_____

THOMAS C. DAVIS, JR.,

Plaintiff-Appellant,

versus

WILLIAM J. CLINTON, President, United States,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-560
- - - - - - - - - -

June 17, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Thomas C. Davis, Jr., Texas inmate # 342624, proceeding *pro se* and *in forma pauperis* (IFP), appeals from the district court's judgment dismissing his complaint against President William J. Clinton and the United States as frivolous and for failure to state a claim.  Davis contends that President Clinton participated in making discriminatory laws that prohibit disabled prisoners from receiving Supplemental Security Income.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Davis also contends that the district court abused its discretion by denying his motion for appointment of counsel. The district court did not abuse its discretion by denying Davis' motion for appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Davis does not address the district court's reason for dismissing his complaint, and thus, he has abandoned the only issue for appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Davis' appeal is without arguable merit, is frivolous, and is DISMISSED. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); *see* 5TH CIR. R. 42.2.

This is not the first complaint or appeal filed by Davis that has been dismissed as frivolous. A prisoner may not

> bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Including the district court's dismissal of Davis' complaint and the dismissal of this appeal, Davis has four "strikes." *See Adepegba v. Hammons*, 103 F.3d 383, 386-88 (5th Cir. 1996).

The district court's dismissal as frivolous of Davis' 42 U.S.C. § 1983 complaint in *Davis v.* Collins, No. 6:92-CV-308 (E.D. Tex. Mar. 1992), and this court's dismissal as frivolous of

Davis' appeal in *Davis v. Collins*, No. 97-41453 (5th Cir. Feb. 10, 1999), count as Davis' first and second strikes. The district court's dismissal of Davis' complaint as frivolous in the instant case is Davis' third strike. *See Davis v. Clinton*, No. 6:98-CV-560 (E.D. Tex. Oct. 19, 1998). This court's dismissal of the instant appeal is the fourth strike.

Except for cases involving an imminent danger of serious physical injury, Davis is BARRED under § 1915(g) from proceeding further under § 1915. He may proceed in subsequent civil cases under the fee provisions of 28 U.S.C. §§ 1911-14.

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR ORDERED.