IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41199
Conference Calendar

_____

ROBERT SHAKESPEARE,

Plaintiff-Appellant,

versus

BILLIE FORREST; KEITH GORSUCH; SHANE
MCBRIDE; BRUCE PERRY; JAMES REDO; S.
LEWIS; JOHN DOE; JOHN DOE, JR.; MARCUS
HUERTA; BRYAN SEWELL,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:96-CV-420
- - - - - - - - - - -
August 24, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Robert Shakespeare, Texas prisoner # 586367, appeals from a jury verdict granting judgment in favor of the defendants in his 42 U.S.C. § 1983 action. He argues that the district court abused its discretion by denying his motion for appointment of counsel and that his constitutional rights were violated by the failure of two of the defendants, Shane McBride and Bruce Perry, to appear at trial.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Shakespeare has not shown the exceptional circumstances warranting appointment of counsel in a civil rights action, and the district court did not abuse its discretion in denying his motion. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). Additionally, Shakespeare has not established that he had a right to cross-examine witnesses who did not appear.

Because Shakespeare's contentions are without merit, this appeal is dismissed as frivolous. 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). This court's dismissal of his appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g). Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Shakespeare is CAUTIONED that if he accumulates three "strikes" under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.