IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11407
Summary Calendar
_____

MARLON S. JOHNSON,

Plaintiff-Appellant,

versus

C.L. HASH, Officer; HEWITT, Officer; JOHN DOE,
Officer, No. 1; JOHN DOE, Officer, No. 2,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-389-A
--------------------
July 09, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Marlon S. Johnson, Texas prisoner # 449868, appeals the district court's summary judgment in favor of the defendants on his claims brought under 42 U.S.C. § 1983.  Johnson attempts to raise numerous claims that were not properly presented in the district court, including conspiracy, racial discrimination, indictment invalidity, and respondeat superior.  These constitute factual allegations that were not presented to the district court, and this court cannot review them on appeal.  See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1138 (2000).

Johnson contends that the defendant officers did not have probable cause to arrest him for the attempted burglary. If probable cause exists for any of the charges for which an individual is arrested, a claim of false arrest can be defeated. <u>Wells v. Bonner</u>, 45 F.3d 90, 95 (5th Cir. 1995). Johnson has failed to show that the defendant officers lacked probable cause to arrest him for aggravated assault on a police officer, given the fact that he was apprehended with a knife in his hand. <u>See</u> TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2).

Johnson also asserts that the officers used excessive force against him during his arrest. To set forth a Fourth Amendment claim for excessive force during an arrest, Johnson must show an injury resulting "from the use of force that was clearly excessive to the need[,] and the excessiveness of which was . . . objectively unreasonable." <u>Ikerd v. Blair</u>, 101 F.3d 430, 433-34 (5th Cir. 1996)(footnote and citation omitted). Johnson does not allege an injury arising from his being thrown against the trunk of a police car. As for the hurt wrists, shoulder, and neck and the head laceration which occurred during the arrest, Johnson has failed to show that those injuries were excessive to the need or unreasonable under the circumstances of an individual holding something in his hand and resisting being placed in handcuffs. The district court's summary judgment is AFFIRMED.

Johnson also requests appointment of counsel on appeal. He has failed to show that his case involves exceptional

circumstances requiring appointment.  See <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1982).  Consequently, his motion is DENIED.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.