IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31378
Summary Calendar
_____


DARIAN SLY,

                                        Plaintiff-Appellant,

versus

ED C. DAY, JR.; ET AL.,

                                        Defendants,

JAMES MILLER, Assistant Warden,
Washington Correctional Institute;
ROBERT TANNER, Deputy Warden,
Washington Correctional Institution;
LYNN MCCLOUD, Administration Officer,
Washington Correctional Institute;
CHARLES DIXON, Lieutenant, Washington
Correctional Institute; STANLEY PATTERSON,
Correctional Officer at Washington
Correctional Institute; SAMUEL TYNES,
Correctional Officer at Washington
Correctional Institute; S. ADCOX,
Correctional Officer at Washington
Correctional Institute,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-1869-C
--------------------
January 8, 2002
Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Darian Sly, Louisiana state prisoner #287746, argues that the magistrate judge clearly erred in dismissing as incredible his claims that he was subjected to retaliation and the use of excessive force. He asserts that the magistrate judge failed to properly consider the conflicting evidence prior to dismissing the case. Sly also asserts that the magistrate judge erred in dismissing the claims against the supervisory officials prior to trial.

In a bench trial, the district court's conclusions of law are reviewed de novo, and the findings of fact are reviewed for clear error. See Canal Barge Co., Inc. v. Torco Oil Co., 220 F.3d 370, 375 (5th Cir. 2000). Under the clearly erroneous standard, this court will reverse only if it has a definite and firm conviction that a mistake has been committed. Id. The burden of showing that the findings are clearly erroneous is heavier if, as in this case, the credibility of witnesses is a factor in the trial court's decision. Id.

A prison official may not retaliate against or harass an inmate for exercising his right to file grievances. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). However, the prisoner must prove "a chronology of events from which retaliation may plausibly be inferred." Id. at 1166 (citation and internal quotations omitted). The magistrate judge's determination that Sly's evidence supporting his retaliation claims was not credible is supported by the evidence showing that it would have been very difficult, if not physically impossible, to spray Sly's cell with fecal matter through the vent. Further, the description of the

widespread disarray in the cell supports Sergeant Patterson's assertion that the substance was thrown at the vent from inside the cell. Thus, the magistrate judge's determination of the issue was not clearly erroneous.

Nor was the magistrate judge's rejection of Sly's testimony that he was subjected to the use of excessive force a clearly erroneous determination. Sergeant Patterson's testimony that he did not strike Sly in the head with his hand or fist was supported by the emergency medical technician's testimony that the small knot on the crown of Sly's head appeared to have been produced by a hard object rather than a fist or hand. In light of the overall incredible nature of Sly's testimony, one is not left with the definite and firm conviction that the magistrate judge's findings were clearly erroneous. See Canal Barge, 220 F.3d at 375. Sly failed to show that the magistrate judge did not properly consider and weigh all the evidence presented in making his credibility determinations at trial.

With respect to the pretrial dismissal of the supervisory officials, the record reflects that Sly consented to the dismissal of the claims against those officials. However, even if it is assumed that the dismissals were not voluntary, Sly cannot show that the supervisory officials acted with deliberate indifference to the violation of his constitutional rights by correctional officers because he failed to prove that the officials' subordinates had violated his constitutional rights. See Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983).

Sly argues that the district court erred in dismissing his due process claims without conducting a hearing to consider the errors occurring at his disciplinary hearings. "Claims for damages and declaratory relief challenging the procedures used in, but not the results of, prison disciplinary proceedings are similarly not cognizable in a § 1983 action until the relevant 'conviction' has been reversed" if a favorable judgment would imply the invalidity of the conviction or the duration of confinement. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc)(citation omitted).

Sly's due process challenge, if credited, necessarily implies that the disciplinary board failed to follow the required procedural safeguards in finding Sly guilty of the offenses and, thus, unlawfully extended the duration of his sentence by depriving Sly of good-time credits. Because Sly has not shown that the disciplinary decisions have been overturned, he cannot maintain a § 1983 action against the defendants for damages. See Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Sly argues that the district court erred in not permitting him to present all of his requested witnesses to testify at trial. A minute entry entered in the district court record prior to trial stated that Sly intended to call the three witnesses who ultimately testified on his behalf at trial. Sly has not argued that he wished to call any other specific witness or explained what the content of such witness's testimony would have been. This claim is frivolous.

The judgment entered in the district court is AFFIRMED.

Sly has filed a motion with this court for the appointment of appellate counsel. This case is not complex, and Sly has exhibited the ability to provide himself with adequate representation. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Sly's motion for the appointment of appellate counsel is DENIED.

Sly's motion to file a supplemental brief is also DENIED.

AFFIRMED; MOTIONS DENIED.