United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30759
Conference Calendar

_____

PAMELA SHIRLEY,

                                        Plaintiff-Appellant,

versus

MICHIGAN STATE,

                                        Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 03-CV-1544-T
---------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Pamela Shirley, a Louisiana resident and a non-prisoner proceeding *pro se*, has filed a motion to proceed *in forma pauperis* (IFP) on appeal challenging the district court's certification that her appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 199-202 (5th Cir. 1997). The district court dismissed her complaint and denied permission to proceed IFP for lack of jurisdiction.

-----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Shirley has failed to brief the issue of jurisdiction. Therefore, she effectively has waived the only issue relevant to her entitlement to IFP status on appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Even if Shirley had briefed the jurisdictional issue, we conclude that an appeal would be frivolous.  Federal courts have a long-standing policy of abstaining from the exercise of diversity jurisdiction in cases involving intrafamily relations, including child custody actions, known as the domestic relations exception.  See Congleton v. Holy Cross Child Placement Agency, Inc., 919 F.2d 1077, 1078 (5th Cir. 1990).  The district court did not err in construing Shirley's complaint as essentially concerning the custody of her children.

The district court's certification that Shirley's appeal is not taken in good faith is upheld, Shirley's motion for IFP is DENIED, and this appeal is DISMISSED AS FRIVOLOUS.  See Baugh, 117 F.3d at 202 and n.24.  Shirley's motion for appointment of counsel also is DENIED.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).  Shirley is WARNED that future frivolous filings will be met with sanctions.  To avoid sanctions, she should review any pending appeals to ensure that they do not raise arguments that are frivolous.

IFP DENIED; APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.