United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11222
Summary Calendar
_____

RODNEY WAYNE FERRELL,

Plaintiff-Appellant,

versus

JIM BOWLES, Dallas County Sheriff; GARY JOHNSON;
WAYNE SCOTT; MANAGEMENT AND TRAINING CORPORATION OF UTAH,
PRISON CORPORATION; UNKNOWN DALLAS COUNTY SHERIFF'S
DEPARTMENT EMPLOYEES AND TDCJ-ID OFFICIALS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-824-N
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rodney Wayne Ferrell, Texas prisoner # 809975, appeals the
district court's denial of his motion to proceed in forma
pauperis (IFP) and certification that his appeal would not be
taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th
Cir. 1997). For the reasons discussed below, Ferrell's motion to
proceed IFP is GRANTED. Ferrell's motion for appointment of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

counsel on appeal is DENIED.  See <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1982).

The district court was correct in its determination that there is no constitutional basis for Ferrell's assertion that he was transferred from a local prison to the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID) in violation of state law, thereby subjecting him to cruel and unusual punishment and involuntary servitude.  <u>Sandin v. Connor</u>, 515 U.S. 472, 484 (1995); <u>Malchi v. Thaler</u>, 211 F.3d 953, 957 (5th Cir. 2000); <u>Madison v. Parker</u>, 104 F.3d 765, 767 (5th Cir. 1997) (citation omitted).  This portion of the district court's judgment is AFFIRMED.

Contrary to the conclusion reached by the district court, this court has recognized that prisoners have a right to bodily privacy.  <u>Oliver v. Scott</u>, 276 F.3d 736, 745-46 (5th Cir. 2002) Even though "any such right is minimal, at best," the intrusion on the inmate's right to bodily privacy must be balanced against the state's interest."  <u>Id.</u> (quoting <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987)).  The district court's dismissal of Ferrell's 42 U.S.C. § 1983 complaint as frivolous on this issue is VACATED, and the case is REMANDED for further proceedings on this issue.

IFP GRANTED; APPOINTMENT OF COUNSEL DENIED; AFFIRMED IN PART; VACATED IN PART and REMANDED.