IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

───────────────

No. 95-40746

Summary Calendar

───────────────

GLENDALE JOHNSON,

Plaintiff-Appellant,

versus

JIMMIE E. ALFORD, ET AL.,

Defendants-Appellees.

───────────────

Appeal from the United States District Court
for the Eastern District of Texas
(6:93-CV-594)

───────────────

April 11, 1996

Before HIGGINBOTHAM, DUHE', and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Glendale Johnson sued various Texas prison officials, alleging they violated his constitutional rights by denying him hot meals as punishment for refusing to shave while on lockdown status. The district court disagreed and dismissed his civil rights complaint as frivolous. Johnson appeals. We affirm.

I.

The district court found that Johnson deliberately refused to shave in violation of prison rules; that, as a result, prison

---

*Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

officials did not permit Johnson to go to the prison chow hall; that on such occasions, Johnson received cold meals known as "Johnnie sacks" in his cell; and that at no time was Johnson ever denied a meal. Johnson does not contest any of these findings as clearly erroneous.

Johnson has failed to show how the denial of hot meals as part of the prison officials' effort to maintain prison order and security constitutes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Johnson's reliance on prison directives suggesting inmates in lockdown will receive hot meals is unavailing. Id.

Johnson's other claims of error are also meritless. The district court did not abuse its discretion in refusing to enter a default judgment for Johnson when the defendants were less than two months late in filing their answer and Johnson failed to show prejudice arising from that delay. Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977). Nor did the district court abuse its discretion in refusing to enter a default judgment against those defendants who failed to attend the Flowers hearing. See Wells v. Rushing, 755 F.2d 376, 380 n.5 (5th Cir. 1985).

Johnson was not entitled to the appointment of counsel in this § 1983 suit. Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982) (requiring party to demonstrate that case presents "exceptional circumstances" warranting appointment of counsel). Johnson did not explain how the district court's failure to notify

him that he was required to submit a witness list prior to the <u>Flowers</u> hearing constituted an abuse of its discretion.  Finally, the district court did not deny Johnson the right to a jury trial since he did not demand a jury trial in his amended complaint nor did he object at the <u>Flowers</u> hearing to its absence.

AFFIRMED.