United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20706
Summary Calendar

_____

JERNEAL D. CAMPBELL,

Plaintiff-Appellant,

versus

TOMMY THOMAS, Sheriff, Harris County; HARRIS COUNTY SHERIFF
DEPARTMENT; JIM ALBERS, Captain; JEFF SAVAGE; DAVIS, Sergeant;
Ms. GAGE;

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-3013
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jerneal D. Campbell, Texas prisoner # 1483727, appeals from
the summary judgment dismissal of his claims against the Harris
County Sheriff Department ("the Department"), Sheriff Tommy
Thomas, Captain Jim Albers, Jeff Savage, Sergeant Davis, and Ms.
Gage.  Campbell sued the defendants under 42 U.S.C. § 1983,
claiming that the defendants were deliberately indifferent to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

verbal complaints and grievances regarding various incidents, including several incidents of alleged sexual assault on his person.

Campbell argues that the summary judgment evidence shows that the defendants were deliberately indifferent in failing to investigate and respond to the written grievances he filed regarding sexual assaults. However, in view of evidence that Campbell was delusional, and given the absence of any physical evidence of sexual assault, Campbell has failed to raise a material issue of fact regarding the defendants' deliberate indifference with respect to the handling of his written grievances. See Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Campbell contends that the summary judgment evidence shows that the defendants were deliberately indifferent with respect to his verbal complaints of sexual abuse. However, the summary judgment evidence shows that the defendants responded to Campbell's verbal complaints by moving him to different cells and by moving an inmate Campbell identified as his assailant. Campbell has failed to raise a material issue of fact regarding the defendants' deliberate indifference. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999).

Campbell also argues that a material issue of fact exists regarding the conditions at the Harris County Jail, which, he asserts, contributed to the sexual assaults on his person. However, Campbell did not plead a claim based on defective prison

conditions in his complaint, and he may not overcome summary judgment by retrying the case on a different theory on appeal. See Forbush v. J.C. Penney Co., 98 F.3d 817, 822 (5th Cir. 1996). To the extent that Campbell's complaint asserted claims that did not concern the defendants' alleged indifference regarding his reports of sexual assault, Campbell has waived such claims by failing to argue them on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). The district court's grant of summary judgment is AFFIRMED.

Given the disposition of this appeal, Campbell's motion for the production of photocopies is DENIED. Campbell's motion for the appointment of counsel is DENIED because Campbell has failed to demonstrate the existence of exceptional circumstances. See Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982).

AFFIRMED; MOTIONS DENIED.