United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-20561

MARIO ALBERTO MEDRANO,

Plaintiff - Appellant,

VERSUS

TOMMY B. THOMAS, Sheriff; F. PETRUSKA, Sergeant; C.L. MILLER, Deputy;
M. SIMS, Deputy; ONE UNKNOWN SHERIFF'S DEPUTY; G. SLOT, Officer,

Defendants - Appellees.

Appeals from the United States District Court
for the Southern District of Texas
(USDC No. H-02-CV-2976)

Before DAVIS, PRADO and PICKERING, Circuit Judges.

PER CURIAM:[1]

Mario Alberto Medrano, Texas Prisoner #1086181, appeals from the district court's order

denying his requests for appointment of counsel or for an order permitting him to continue his

correspondence with another prisoner regarding his 42 U.S.C. § 1983 action. With the assistance

of another inmate, Medrano alleged in his suit that the officers who arrested him used excessive

force, that the other officers present failed to prevent the use of excessive force and that the

Harris County Sheriff failed to properly train or supervise his officers. Specifically, Medrano

---

[1] Pursuant to 5TH CIR. R. 47.5, t he Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged that after he had surrendered and was handcuffed, one of the defendant officers kicked him in the head numerous times causing injuries including a broken jaw. Medrano contends that the district court erred by denying his requests for appointment of counsel to represent him in investigating and presenting these claims, for an order allowing continuing correspondence with another prisoner or for a hearing on his requests.

We have no jurisdiction to consider an interlocutory appeal from an order denying a request to communicate with another prisoner. See 28 U.S.C. § 1291 (limiting jurisdiction of courts of appeals to final decisions of the district courts.)

We do have jurisdiction to consider an interlocutory appeal from the district court's refusal to appoint counsel. See Robbins v. Maggio, 750 F.2d 405, 413 (5th Cir. 1985). Generally, there is no automatic right to counsel in § 1983 actions. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). A district court is not required to appoint counsel in the absence of "extraordinary circumstances." Id. We have recognized that "no comprehensive definition of exceptional circumstances is practical." Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982). However, a number of factors are to be considered in determining whether exceptional circumstances are present: (1) the complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is capable of adequately investigating his case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. Id. The district court's ruling is reviewed for abuse of discretion. Cupit, 835 F.2d at 86.

Although his § 1983 claim is relatively straightforward, Medrano alleges that his circumstances are exceptional because, as a Mexican national, he has a limited ability to read, speak and understand the English language, he has an IQ of only 73, and an inmate who has

assisted him in this suit is assigned to another prison unit. Under new TDCJ-ID Correspondence Rules that went into effect in May 2003, correspondence between them will be prohibited. As pointed out by the district court, none of Medrano's allegations about his personal abilities are supported by evidence or verified by an affidavit. Medrano also alleges that he is incapable of investigating the case and that the evidence will consist in large part of conflicting testimony, his versus the arresting officers, that will require skill for presentation at trial.

The district court denied Medrano's motion requesting appointment of counsel as premature and without prejudice to reconsideration at a later time, *sua sponte*. The district court also noted that dispositive motions from defendants were not yet due, which the court felt would aid in the evaluation of factual and legal circumstances surrounding this case. The district court then ordered the case stayed and closed administratively. Earlier orders dealing with Medrano's previous motions for appointment of counsel note that it may be necessary to hold a Spears hearing to complete the factual evaluation of Medrano's complaint and that no counsel would be appointed until that evaluation is complete. We find no fault with these actions by the district court. However, the district court's latest order requires the plaintiff who alleges that he has an I.Q. of 73 and cannot write English to advise the district court in writing if he seeks reinstatement of this proceeding after this court rules on his appeal. Thus the burden of reactivating his case on remand is on the plaintiff who alleges that he is unable to proceed without counsel or assistance from the inmate counsel who has assisted him up to this point.

Plaintiff's apparent language handicap and mental limitations persuade us that further factual development is necessary to enable the district court to make a reasoned decision on whether it should appoint counsel. We therefore vacate the stay order and remand this case to the district court for further factual development (through a Spears hearing or otherwise) to

determine whether this case deserves to go forward and, if so, whether counsel should be appointed.

VACATED and REMANDED.