United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-40156
(Summary Calendar)

———————————

MIRON ESUERT REYNOLDS,

Plaintiff-Appellant,

versus

BROWN and ROOT, INC.,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
(1:03-cv-545)
---------------------

Before JONES, Chief Judge, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Miron Esuert Reynolds proceeded pro se in the district court where he sought vacatur of an unfavorable arbitration result. Reynolds had advanced claims against his former employer, Defendant-Appellee Brown and Root, Inc., grounded in racial discrimination, retaliation, and a racially hostile work environment. These claims were rejected by the arbitrator, then by the district court through its grant of summary judgment, dismissing all claims asserted by Reynolds. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based its determination, in large part, on the Report and Recommendation of the magistrate judge and on the narrow scope of review of arbitration awards by the federal courts.

We have carefully considered the record on appeal and the appellate briefs of the parties; and, like the district court before us, we have remained mindful at all times of the limitations on our review of arbitration awards and the strictures of the Federal Arbitration Act. Without either agreeing or disagreeing with the arbitrator or finding her wholly free of fault or error, we are nevertheless constrained to affirm the district court's adoption of the magistrate judge's Report and Recommendation as well as that court's disposition of Reynolds's objections, ultimately leading to the denial of vacatur of the arbitration results unfavorable to Reynolds.

Reynolds also contends that the court abused its discretion by refusing to appoint counsel to represent him in his appeal of the arbitration proceeding. A pro se litigant is only entitled to the appointment of counsel in civil rights cases in "exceptional circumstances," which this court has held include a consideration of the type and complexity of the case; whether the litigant is capable of adequately presenting his case; whether the pro se litigant can adequately investigate the case; and whether the case will require skill in the presentation of the evidence and cross-examination. Ulmer v Chancellor, 691 F.2d 209 (5th Cir. 1982). Not only did Reynolds fail to apply these factors in brief, but it

2

is plain they do not mandate appointment of counsel for him. Appellant was represented by counsel at the arbitration, where the facts were developed. His briefing in this court confirms his ability to grasp and present well his arguments. Finally, the issue presented to the district court —— whether to vacate the arbitrator's award —— is not complex and is based on law that heavily favors the upholding of the award. Reynolds's contention is meritless.

The Order of the district court is, in all respects, AFFIRMED.