United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40189
Conference Calendar

_____

ROY LEE RUSSELL,

                                        Plaintiff-Appellant,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL; KATHLEEN HAWKS, Director;
RONALD G. THOMPSON, Regional Director,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-159
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Roy Lee Russell, federal inmate # 21767-009, proceeding pro se and in forma pauperis, appeals the district court's dismissal, pursuant to 28 U.S.C. § 1915(e) for failure to state a claim, of his Bivens[**] complaint.  Russell raised a failure-to-protect claim arising from an attack from another inmate.

    A dismissal for failure to state a claim under § 1915(e)(2) is reviewed under the same de novo standard of review applicable

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [**] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

to dismissals made pursuant to FED. R. CIV. P. 12(b)(6).

See Harris v. Heqmann, 198 F.3d 153, 156 (5th Cir. 1999).

Russell did not sufficiently allege that the conditions of his incarceration posed a substantial risk of serious harm, and he did not allege that prison officials were deliberately indifferent to his need for protection. Farmer v. Brennan, 511 U.S. 825, 837, 847 (1994). As a result, the district court did not err in dismissing Russell's complaint.

Russell asserts that the district court erred in failing to conduct a hearing or order the completion of a questionnaire to allow him to expand on his claims. Pursuant to the screening function of 28 U.S.C. § 1915A, the district court acted within its authority when it dismissed Russell's complaint without conducting a hearing or ordering the completion of a questionnaire.

Russell further asserts that the district court erred in denying his motion to appoint counsel. Russell's case does not present the type of exceptional circumstances that warrant the appointment of counsel; accordingly, the district court did not abuse its discretion in denying Russell's motion to appoint counsel. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987); Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982). The judgment of the district court is affirmed.

The district court's dismissal for failure to state a claim counts as one strike under 28 U.S.C. § 1915(g). See

<u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996).  We dismissed as frivolous a prior appeal filed by Russell from the dismissal as frivolous of a complaint filed in the district court.  <u>See</u> <u>Russell v. Hawks</u>, No. 02-40172 (5th Cir. Aug. 21, 2002) (unpublished).  At that time Russell was informed that he had accumulated two strikes under § 1915(g) and was warned of the sanction that would be imposed if he acquired a third strike.  Russell has now accumulated at least three strikes.  Therefore, Russell may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> § 1915(g).

AFFIRMED; 28 U.S.C. § 1915(g) BAR IMPOSED.