United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41126
Summary Calendar

JOE A. FLORES,

                              Plaintiff-Appellant,

versus

LUCY MARTINEZ; EUGENE TROTTER; MAXIMILLIANO HERRERA,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CV-481
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Joe A. Flores, Texas prisoner # 855743, appeals the
dismissal of his 42 U.S.C. § 1983 action for failure to state a
claim upon which relief may be granted.  Flores argues that the
district court erred in dismissing his claim and that the court
erred in denying his motion for the appointment of counsel.
Flores specifically contends that defendants Nurse Lucy Martinez,
Physician's Assistant Eugene Trotter, and Dr. Maximilliano
Herrera failed to provide him with adequate medical care and that
they were deliberately indifferent to his serious medical needs.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He asserts that Nurse Martinez failed to properly diagnose and treat a blood clot in his leg, and that Trotter and Dr. Herrera failed to properly diagnose and treat his rheumatoid arthritis.

Flores does not renew his claim against Dr. Herrera under the theory of respondeat superior, and that claim is deemed abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Flores has failed to allege facts to establish deliberate indifference to a serious medical need as is required in order to proceed under the Eighth Amendment and 42 U.S.C. § 1983.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Further, the district court did not abuse its discretion in declining to appoint counsel to represent Flores.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Accordingly, the judgment of the district court is AFFIRMED.