United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

---

No. 06-10301
Summary Calendar

---

ANDREW MACEDONIO CORTEZ,

Plaintiff-Appellant,

versus

P. R. GENUALDO, Badge No. 3052,
Fort Worth Police Department,

Defendant-Appellee.

---

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(4:04-CV-782)**

---

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Andrew Macedonio Cortez, Texas prisoner # 1194766, appeals the summary-judgment dismissal of his 42 U.S.C. § 1983 complaint, in which he raised: an excessive-force claim against P.R. Genualdo, a police officer with the Fort Worth Police Department; and the denial of his motion for appointment of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A summary judgment is reviewed *de novo*. *E.g., **Guillory v. Domtar Indus., Inc.***, 95 F.3d 1320, 1326 (5th Cir. 1996). Such judgment is appropriate when the record demonstrates "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c); ***Little v. Liquid Air Corp.***, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). If the movant meets this burden, the nonmovant must show, *inter alia*, a genuine material-fact issue for trial. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 324 (1986). The nonmovant cannot do so with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. ***Little***, 37 F.3d at 1075.

Summary judgment was proper because no record evidence shows Genualdo committed the assault alleged by Cortez. To the contrary, Cortez testified he did *not* see Genualdo assault him and failed to present any evidence identifying Genualdo as the officer who allegedly did so.

The district court did not abuse its discretion in declining to appoint counsel to represent Cortez. *See **Ulmer v. Chancellor***, 691 F.2d 209, 212 (5th Cir. 1982).

**AFFIRMED**

2