# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 08-20148
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 14, 2009

Charles R. Fulbruge III
Clerk

KENNETH POE,

                    Plaintiff-Appellant,

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
Unknown Classification Board Members and
Unknown Regional Unit Mailroom Managers Supervisor;
JAY T. MORGAN, Warden;
ERNEST H. GUTERREZ; STEVEN T. MILLER, Major;
WAYNE E. BREWER, Captain; MARTHA BLACKBURN;
DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE;
STATE OF TEXAS; UNIVERSITY OF TEXAS MEDICAL BRANCH;
AUSTIN MCCOMB; BRADLEY HUTCHINSON; KIMBERLY CAMPBELL;
MARIA LUNA; WILLIAM JONES; ROBERTO MORALES;
MARSHALL HARRIS; JAMES WALKER; GREGORY DOWDY;
IAN TROTTER; BRIAN ZOELLNER; DELJEAN ZOELLNER;
KEVIN CALLAHAN; LARRY MOORE,

                    Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:06-CV-4126

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kenneth Poe, Texas prisoner # 669972, appeals a summary judgment dismissing his 42 U.S.C. § 1983 action against numerous employees and officers of the Texas Department of Criminal JusticeSSCorrectional Institutions Division. Poe alleges that prison officials tampered with his legal mail; that excessive force was used against him; that officials failed to protect him from the use of excessive force; that they failed to train and supervise guards regarding the use of excessive force; that he was denied medical assistance relating to injuries he sustained as a result of the use of excessive force; that his personal property was seized by prison officials; and that the disciplinary hearing on the offense that prompted the use of excessive force violated his due process rights.

On appeal, Poe argues that the district court erred in denying his motion for a continuance to conduct additional discovery and in granting summary judgment. He also claims that the court erred in dismissing his claim that his property was illegally seized, in denying his motion to amend his complaint "freely," and in denying his motion for appointment of counsel. Poe has also moved to strike the appellees' brief.

We review a summary judgment de novo. See Hernandez v. Velasquez, 522 F.3d 556, 560 (5th Cir. 2008). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). To prevail on an Eighth Amendment claim of excessive force, a plaintiff must establish "(1) an injury (2) which resulted directly and only from the use of force that was clearly exces-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sive to the need and (3) the force used was objectively unreasonable." Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999).

The record reflects that on September 14, 2005, Poe failed to obey orders " to relinquish control" of the food slot in his cell door to allow guards to secure the cell door properly. Poe was warned that his failure to comply with orders to remove his arms from the slot would result in the use of the chemical agent and a "move team," but he refused to comply. After administering chemical deterrents into Poe's cell, the "move team" entered the cell and restrained Poe by the use of force.

Poe argues that if his Federal Rule of Civil Procedure 56(f) motion for a continuance had been granted, he would have been able to obtain discovery that would have established a genuine issue of material fact. Poe has failed to show, however, that the discovery would have demonstrated that the force used was clearly excessive to the need or objectively unreasonable. Consequently, the district court did not clearly abuse its discretion in denying a continuance. See Adams v. Travelers Indem. Co., 465 F.3d 156, 162 (5th Cir. 2006); FED. R. CIV. P. 56(f).

Poe has failed otherwise to demonstrate a genuine issue of material fact as to whether the force used against him was clearly excessive to the need or objectively unreasonable such that the use of force resulted in a constitutional violation. Consequently, he has not shown that the district court erred in granting summary judgment.

Poe argues that the court erred in ordering him to amend his complaint by filing a more definite statement. Although Poe contends that he was not allowed to amend his complaint "freely," he fails to set forth what new issues or claims he would have raised. Instead, he merely incorporates by reference his proposed amended complaint. He has shown no error.

Poe contends that the district court erred in dismissing his property loss claims. He argues that if he had been permitted to amend his complaint, he

could have demonstrated that the guards' actions were done in retaliation. Contrary to his assertion, however, Poe had the opportunity to set forth specific facts to support this claim in his more definite statement but failed to do so. Further, he provides no argument or evidence to support his contentions.

Poe has also failed to demonstrate that the district court abused its discretion in denying his motion to appoint counsel. He has not established that his case presents the sort of exceptional circumstances that require the appointment of counsel. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Poe does not challenge the dismissal of his claim that prison officials tampered with his legal mail; that they failed to train guards regarding the use of excessive force; that he was denied medical treatment for the injuries he sustained as a result of the use of excessive force; or that the disciplinary hearing relating to the incident violated his due process rights. Accordingly, he has abandoned those issues. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Poe's motion to strike the appellees' brief is DENIED. The judgment is AFFIRMED.