**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-40584
Summary Calendar

FREDERICK LEE TIPPS

Plaintiff-Appellant

v.

GEAN LEONARD, Sheriff

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:06-CV-358

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Frederick Lee Tipps, Texas prisoner # 1380905, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim on which relief can be granted. Tipps alleged that he was possibly exposed to asbestos, lead paint, and mold while detained at the Galveston County Jail (GCJ). He claimed that Sheriff Gean Leonard was deliberately indifferent to a serious risk of harm based on the alleged existence of these harmful materials.

This court reviews the dismissal of a complaint for failure to state a claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on which relief may be granted under the same de novo standard of review applicable to dismissals made pursuant to FED. R. CIV. P. 12(b)(6). *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Elsensohn v. Saint Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). Because, as discussed below, Tipps's complaint was properly dismissed for failure to state a claim, we need not consider whether his complaint is also frivolous.

A prisoner who wishes to prevail on a claim that prison officials violated his Eighth Amendment rights must show that officials acted with deliberate indifference to his safety. *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). "To find that an official is deliberately indifferent, it must be proven that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (internal quotation marks and citation omitted).

Tipps contends that Lieutenant Carnley knew about prisoners' complaints regarding conditions at the GCJ and should have informed Leonard. Tipps's factual allegations, taken as true, do not establish that Leonard knew of and disregarded a substantial risk of serious harm, and therefore fail to state a claim on which relief may be granted. *See Elsensohn*, 530 F.3d at 372. To the extent that Tipps argues that Leonard is liable based on his supervisory position, Tipps also fails to state a claim on which relief may be granted. *See Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987).

Renewing a claim raised in his objections to the magistrate judge's report, Tipps contends that he was denied access to the law library when he sought to prepare a motion to proceed in forma pauperis (IFP) in this action. The record, however, shows that Tipps was granted leave to proceed IFP both in the district court and on appeal. Because Tipps cannot establish that his position as a

litigant was prejudiced by the alleged denial of access to the law library, he cannot establish a claim for denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Tipps also contends that the district court erred by failing to appoint counsel. Tipps has not demonstrated that his case presented exceptional circumstances warranting the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). As Tipps has not shown error, the judgment of the district court is affirmed.

For purposes of the three-strike provision of 28 U.S.C. § 1915(g), the district court's dismissal of Tipps's action counts as a strike. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Tipps is hereby warned that if he accumulates three strikes, he may not thereafter proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.