Genus D. ULMER, Plaintiff-Appellant,

v.

George CHANCELLOR, Sheriff, and Jones County Board of Supervisors, Defendants-Appellees.

No. 82–4007
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 1982.

---

Genus D. Ulmer, pro se.

Alpheus H. McRae, Jr., William Harold Odom, Laurel, Miss., Robert H. McFarland, Bay Springs, Miss., for defendants-appellees.

Before RUBIN, JOHNSON and GARWOOD, Circuit Judges.

RUBIN, Circuit Judge:

In this pro se civil rights suit, brought under 42 U.S.C. § 1983 (Supp. III 1979), the plaintiff, Ulmer, a former prisoner in the jail of Jones County, Mississippi, alleges that unsanitary conditions and inadequate facilities at the jail, including lack of medical treatment and facilities for exercise, deprived him of his federal constitutional rights. He seeks compensatory and punitive damages from the Sheriff of Jones County and from members of the county Board of Supervisors, together with declaratory and injunctive relief.

Ulmer's request for appointment of counsel was denied. However, he conducted considerable discovery by interrogatories. He also submitted a motion for summary judgment, which was not acted on. In the order denying the appointment of counsel, the court gave Ulmer thirty days in which either to employ his own attorney or elect to represent himself, and stated that, if neither was done, the case would be ordered dismissed *without* prejudice. Thereafter, on July 14, 1981, Ulmer filed a motion to subpoena his witnesses, most of whom were in the Mississippi State Penitentiary at Parchman. He further moved to have all necessary writs of habeas corpus ad testificandum issue for those witnesses in Mississippi state custody. We do not find in the record any order fixing the case for trial or any order or other document notifying Ulmer to appear for trial.

Nonetheless, on August 25, 1981, the district court entered a Judgment of Dismissal stating:

THIS CAUSE came on for hearing this date, it being the day when the same was set for trial.

The court finds that the Plaintiff was duly notified that the cause was set for trial this day and upon the cause being called the Plaintiff did not appear either in person or by counsel whereupon the Court ordered the Plaintiff called and the Plaintiff failed to respond.

All of the defendants were present in person, represented by counsel, and announced ready for trial.

The Court finds that because of the default of the Plaintiff in appearing and prosecuting this case, that the same should be dismissed *with prejudice.*

(Emphasis supplied.) Ulmer then moved to "reconsider," on the ground that no court order had issued for him to be transported from the penitentiary to court. The motion was denied by the district court, which ruled as follows:

A prisoner at Parchman has the same right to litigate in this Court as any other litigant. This Court declined to appoint an attorney to represent him for the reason that this cause has already been acted upon by the State Court which has the same responsibility for protecting the constitutional rights of all litigants. The Court does not have the duty or responsibility to look after or protect any such litigant in this court but simply has the duty and responsibility to see that he gets a fair and impartial trial. The defendant here made no request of any kind for any assistance from the Court and the Court gave him none.

A litigant in Parchman does not have any superior right over any other litigant in this Court but simply considered [*sic*] here like all other litigants and is charged with the duty and responsibility of attending to his business or to have someone other than the Court do so for him. *The plaintiff was promptly and properly advised of the setting of this case for trial but he made no answer or response to the setting and the defendants appeared in person and by counsel and demanded a dismissal which was granted.* The motion of the plaintiff for a reconsideration of this case is devoid of any merit and is denied.

The plaintiff requested the right of an appeal as a pauper before the United States Court of Appeals but this Court has examined the record in this case and is of the firm opinion that there is no question of any importance or significance to be heard by the Court of Appeals and I am sure that the Court of Appeals does not need any unnecessary avalanche

of such cases presented to them. The request for an appeal as a pauper is likewise denied.

(Emphasis supplied.) The record contains no motion for dismissal. If an oral motion for dismissal was made, no transcript of it was filed in the record.

■ Because Ulmer did make a timely request that writs of habeas corpus ad testificandum issue for the witnesses in Parchman, and there is nothing in the record to indicate that the writs did in fact issue, or that his request for the writs was even evaluated by the district court, the dismissal is reversed. *See Itel Capital Corp. v. Dennis Mining Supply & Equip., Inc.,* 651 F.2d 405, 407–08 (5th Cir. 1981); *Ballard v. Spradley,* 557 F.2d 476, 479–81 (5th Cir. 1977); *Jerry v. Francisco,* 632 F.2d 252, 255–56 (3d Cir. 1980) (per curiam); *Peppard v. United States,* 314 F.2d 623, 625 (8th Cir. 1963) (per curiam). *Accord, McKnight v. Blanchard,* 667 F.2d 477, 480 n.2 (5th Cir. 1982) (dictum).

■ The case is remanded to the district court for such further proceedings as may be appropriate. We express no opinion whatever on the merits of the case except to note that, on its face, the complaint insofar as it seeks damages[1] does not appear to be frivolous. For example, Ulmer alleges that he was denied exercise for seven months "to the point of being cripple [*sic*] from not exercising and having no room to move around in." *See Montana v. Commissioners Court,* 659 F.2d 19, 22 (5th Cir. 1981) (per curiam), *cert. denied,* 455 U.S. 1026, 102 S.Ct. 1730, 72 L.Ed.2d 147 (1982); *McGruder v. Phelps,* 608 F.2d 1023, 1025 (5th Cir. 1979) (citing cases).

■ In view of the fact that Ulmer currently is, and was at the time he filed this action, incarcerated in the State Penitentiary, not in the Jones County Jail, and he has not brought a class action, the petition for injunctive or declaratory relief may be moot, *see Mitchum v. Purvis,* 650 F.2d 647, 648 (5th Cir. 1981) (per curiam); *Marden v. Int'l Ass'n of Machinists & Aerospace Workers,* 576 F.2d 576, 581–82 (5th Cir. 1978); *Scott v. Jones,* 492 F.2d 130 (5th Cir. 1974) (per curiam); *Rhodes v. Bureau of Prisons,* 477 F.2d 347 (5th Cir. 1973) (per curiam); *Weaver v. Wilcox,* 650 F.2d 22, 27 & n.13 (3d Cir. 1981), and nothing in this opinion prevents the disposition of some or all of the issues raised by the complaint on proper motion, duly noticed. However, the court shall accord this plaintiff the same notices and the same rights as other litigants. If his appearance in court is necessary to enable him to assert his interests and to protect his rights, an appropriate order for him to appear, by writ of habeas corpus ad testificandum, shall be issued.

■ Ulmer challenges the refusal of the district court to appoint counsel for him. A civil rights complainant has no right to the automatic appointment of counsel. *Branch v. Cole,* 686 F.2d 264 (5th Cir. 1982) (per curiam); *Wright v. Dallas County Sheriffs Department,* 660 F.2d 623, 625–26 (5th Cir. 1981). The trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983 (Supp. III 1979) unless the case presents exceptional circumstances. *Branch v. Cole, supra,* 686 F.2d at 266.

■ The magistrate refused to appoint counsel for Ulmer because "it is doubtful that any relief may be granted, . . . this is a fee producing case, if successful, and . . . it would be oppressive to appoint involuntary counsel, and . . . the petitioner has made no showing that he is unable to secure private counsel." While Ulmer prays for the award of substantial damages, it is not so obvious to us as it was to the magistrate that counsel can readily be found to handle the case

---

1. It is not entirely clear that Ulmer is still seeking damages. Although his original complaint stated that he sought compensatory and punitive damages, he subsequently filed an amended complaint that did not include such a prayer. In his "Motion to Amend Complaint," however, Ulmer indicates that the amendment was intended only to allege additional mistreatment. Because these pleadings were drafted by a *pro se* prisoner, not a lawyer, we construe them liberally. *Hogan v. Midland County Commissioners Court,* 680 F.2d 1101, 1103 (5th Cir. 1982) (per curiam). We, therefore, assume that Ulmer still seeks damages.

on a contingent fee basis for a person incarcerated at a place distant from the place of trial. Nor is it clear that all counsel would consider an appointment in this case "oppressive." Public spirited lawyers often accept *pro bono* cases that they would decline to handle purely as fee producing matters, just as lawyers have done for centuries past. *See Branch v. Cole, supra,* 686 F.2d at 267, *Ray v. Robinson,* 640 F.2d 474, 478–79 (3d Cir. 1981). A lawyer should not be conscripted into a § 1983 case simply because he is a member of the bar, but this does not mean that all members of the bar should be denied the opportunity to assist the cause of justice under the authority of a court appointment. At any rate, it is not appropriate to presume that all the members of the bar would feel imposed upon even if, or perhaps especially if, relief is doubtful.

 The district court may, therefore, appropriately require Ulmer to respond directly to an inquiry concerning what effort, if any, he has made to secure private counsel. Exercising its own judicial discretion, it should then determine whether this is an exceptional case in which the appointment of counsel is appropriate.

A federal court has discretion to appoint counsel if doing so would advance the proper administration of justice. 28 U.S.C. § 1915(d) (1976). Although "[n]o comprehensive definition of exceptional circumstances is practical," *Branch v. Cole, supra,* 686 F.2d at 266, a number of factors should be considered in ruling on requests for appointed counsel. These include: (1) the type and complexity of the case, *Branch v. Cole, supra,* 686 F.2d at 266; *Maclin v. Freake,* 650 F.2d 885, 888 (7th Cir. 1981); (2) whether the indigent is capable of adequately presenting his case, *Branch v. Cole, supra,* 686 F.2d at 266; *Maclin v. Freake, supra,* 650 F.2d at 888; *Drone v. Hutto,* 565 F.2d 543, 544 (8th Cir. 1977); (3) whether the indigent is in a position to investigate adequately the case, *Maclin v. Freake, supra,* 650 F.2d at 888; *White v. Walsh,* 649 F.2d 560, 563 (8th Cir. 1981); *Shields v. Jackson,* 570 F.2d 284, 285–86 (8th Cir. 1978)

(per curiam); *Peterson v. Nadler,* 452 F.2d 754 (5th Cir. 1971); and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination, *Maclin v. Freake, supra,* 650 F.2d at 888; *Manning v. Lockhart,* 623 F.2d 536, 540 (8th Cir. 1980).

The district court should also consider whether the appointment of counsel would be a service to Ulmer and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination. *See Knighton v. Watkins,* 616 F.2d 795, 799 (5th Cir. 1980).

For these reasons, the judgment of dismissal is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.