IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40700 cons/w
No. 96-40920
Summary Calendar

_____

FELDON BONNER, II,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE;
WAYNE SCOTT, Director; J. COLLINS, Director;
C. DE LA VEGA; J. MCAULIFFE; W. LAZENBY;
T. POWELL; A. DAVIS, Lieutenant, ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-95-CV-658
- - - - - - - - - -
April 11, 1997

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Feldon Bonner, II, Texas state prisoner # 524141, appeals the denial of his motions for a preliminary injunction, for appointment of counsel, for a court-appointed psychiatrist, for a psychiatric examination, for a court-appointed physician, for a physical/medical examination, for assignment of the U.S. Attorney

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

General and an investigator, for the U.S. Attorney General to issue a civil investigative demand, and for victim/witness protection. Bonner has filed a motion for leave to proceed <u>in forma pauperis</u> (IFP) on appeal. The motion for leave to appeal IFP is GRANTED. Because Bonner has no funds in his prison trust-fund account, no initial partial filing fee is required. <u>See</u> 28 U.S.C. § 1915(b)(4). Bonner shall make monthly payments of twenty percent of the preceding month's income credited to his account. <u>See</u> 28 U.S.C. § 1915(b)(2). The agency having custody of Bonner is directed to forward payments from his prisoner account to the clerk of the district court each time the amount in his account exceeds $10 until the filing fee of $105 is paid. <u>See</u> <u>id.</u>

Bonner abandoned his appeal of the denial of his motions for a court-appointed psychiatrist, for a psychiatric examination, for a court-appointed physician, for a physical/medical examination, for assignment of the U.S. Attorney General and an investigator, for the U.S. Attorney General to issue a civil investigative demand, and for victim/witness protection by failing to adequately brief these issues. <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993); <u>see</u> <u>also</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987). Because Bonner does not address on appeal the reasons for the district court's action in denying his motion for a preliminary injunction, he has abandoned that issue on appeal. <u>Brinkmann</u>,

813 F.2d at 748. The district court did not abuse its discretion in denying Bonner's motion for appointment of counsel as premature. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). This appeal is without arguable merit and thus frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).

IFP GRANTED; APPEAL DISMISSED. See 5th Cir. R. 42.2.