IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50630
Summary Calendar

_____

ERANSOM MILLER, JR.,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-359
- - - - - - - - - -
February 10, 2000

Before JONES, DUHÉ, and STEWART, Circuit Judges.

PER CURIAM:[1]

Eransom Miller, Jr., Texas prisoner #688067, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. Miller argues that the district court erred in its determination that his claims must be presented in a § 1983 action rather than a 28 U.S.C. § 2254 habeas petition, the format he originally used to file his claims. However, he asks this court to treat his petition as a claim for relief under § 1983 if a habeas petition was the wrong

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vehicle for his claims. Because that is what the district court did, this argument need not be addressed.

Miller argues that his due process rights were violated when he was not reviewed for parole before February 16, 1998, his parole eligibility date. He also argues that the district court erred in dismissing his claims as moot. The district court correctly found that, insofar as Miller was asserting that he was spending extra time in prison unnecessarily, his claim mooted by the subsequent denial of parole. Moreover, the Due Process Clause does not protect Miller's alleged right to be placed into the parole review process prior to his parole eligibility date. Texas prisoners have no protected liberty interest in parole, thus they cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds. See Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).

Miller argues that the district court abused its discretion by not appointing counsel to represent him and by not allowing him to expand the record via discovery. This claim is frivolous. A § 1983 complainant is not entitled to appointment of counsel absent exceptional circumstances. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Miller has adequately presented his claims thus far without counsel, and he does not presently demonstrate exceptional circumstances warranting the appointment of counsel. As for his claim that discovery should have been allowed, Miller has not articulated relevant, discoverable material to which he was denied access.

Finally, Miller argues that his equal protection rights were violated because other inmates were reviewed for parole in a timely fashion, and he was not.  In order to state a claim for the denial of equal protection, Miller would have had to allege that he was treated unfavorably in the parole review process due to his race or other improper motive, and not just due to an inconsistent application or result.  See Thompson v. Patterson, 985 F.2d 202, 207 (5th Cir. 1993).  Miller has not made such allegations of improper motive.

The district court did not err in dismissing Miller's action.

AFFIRMED.