### IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

_____

**No. 99-40807**
**Summary Calendar**
_____


**EDGAR S. ARROYO,**

                                    **Plaintiff-Appellant,**

                    **versus**

**R. RODRIGUEZ; R. BLEDSOE, Officer;**
**K. GUIDRY,**

                                    **Defendants-Appellees.**

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-96-CV-688
--------------------
April 5, 2000

Before JONES, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Edgar S. Arroyo, Texas prisoner # 661872, challenges the district court's summary-judgment dismissal of his 42 U.S.C. § 1983 lawsuit asserting that he was falsely accused and found guilty of possession of a contraband weapon in retaliation for having utilized the prison grievance system.  He argues that summary judgment was error because he alleged a chronology of events from which retaliatory motive could reasonably be inferred.  He further argues that the district court erred in denying his motions for the appointment of counsel.

---

[*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Arroyo has presented no more than his own personal belief that he has been the victim of retaliation, his retaliation claim was properly dismissed. See Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Accordingly, the district court's judgment is AFFIRMED.

Arroyo has also failed to show exceptional circumstances existed which mandated the appointment of counsel and has thus failed to demonstrate that the district court abused its discretion in refusing to appoint counsel. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). To the extent that Arroyo moves this court for the appointment of counsel, his motion is DENIED.

**AFFIRMED; MOTION DENIED.**