IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 99-20938
Summary Calendar

———————————

RICKY D. WALTON,

Plaintiff-Appellant,

versus

M. BRUCE THAYLER; S. NANCE;
B. BACHMANN; L.L. BREWER,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-406
- - - - - - - - - -
September 5, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ricky D. Walton, Texas prisoner # 581164, appeals the district court's order granting summary judgment to the defendants. On appeal, Walton restates the arguments raised in his 42 U.S.C. § 1983 prisoner's civil rights complaint. He argues that the defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment because they acted with deliberate indifference to his foot and knee condition when they revoked his soft-soled shoe pass. He further argues that the defendants retaliated against him because he complained

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

about the revocation of his shoe pass.  Walton seeks the restoration of good time credit and the restoration of his shoe pass.  He has filed a motion for appointment of appellate counsel.  This motion is DENIED.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)(explaining that § 1983 complainant is not entitled to appointment of counsel absent exceptional circumstances).

Walton has not presented any summary judgment evidence that demonstrates a deliberate indifference to his medical condition.  He merely expresses disagreement over the course of treatment, i.e., whether his condition requires that he wear soft-soled shoes instead of prison work boots.  A mere disagreement over the method of medical treatment, however, does not state a claim for Eighth Amendment indifference to medical needs.  *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).  Walton makes only conclusional allegations of retaliation, which are insufficient to support a § 1983 retaliation claim.  *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).  Walton's request for the restoration of good time credit is not a cognizable § 1983 claim. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1052 (1999).  Accordingly, the district court's judgment is AFFIRMED.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.