IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50251
Summary Calendar
_____

GREGORY BERNARD SMITH,

Plaintiff-Appellant,

versus

DENISE DESHIELDS, Medical Doctor - Rogelio Sanchez State Jail;
CHAPLIN WALLS, Physicians Assistant - Rogelio Sanchez State Jail;
GILBERT CAMPUZANO, Warden - Rogelio Sanchez State Jail;
ROCHELLE MCKINNEY, A.D. Medical, Regional Director Medical;
ALL NURSES OF MEDICAL STAFF OF THE ROGELIO SANCHEZ STATE JAIL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CV-187-H
--------------------
May 2, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gregory Bernard Smith, Texas prisoner #798960, appeals the
district court's grant of the defendants' motion for judgment as
a matter of law pursuant to FED. R. CIV. P. 50(a).  Smith argues
that the district court erred by granting the motion during jury
deliberations.  Smith also argues that the district court erred

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in determining that he failed to establish the defendants' deliberate indifference toward his hepatitis condition.  Smith's motion for appointment of appellate counsel is DENIED.  See Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982).

We review the grant of a judgment as a matter of law de novo.  Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1042 (5th Cir. 1998).  Judgment under Rule 50 is proper when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."  Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 149 (2000)(quoting FED. R. CIV. P. 50(a)).  The record demonstrates that before the case went to the jury, the district court excused the jury in order to entertain the parties' arguments on the motion.  A further review of the record and the allegations made by Smith fail to establish the requisite elements of deliberate indifference.  See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)(citation and quotation omitted).  Accordingly, the judgment of the district court is AFFIRMED.