**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 30, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40983
Summary Calendar
_____

RANDY GLENN CLARY,

Plaintiff-Appellant,

versus

JAMES STROUD, Sheriff; UNIDENTIFIED KISSINGER;
J. R. KISSINGER, Jailer; UNIDENTIFIED LANGLY, Jailer;
UNIDENTIFIED HOWETH, Sergeant,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-96
--------------------

Before JOLLY, JONES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Randy Glenn Clary (TDCJ # 1073341) appeals the magistrate

judge's dismissal of his 42 U.S.C. § 1983 complaint following a

bench trial. We reject the appellees' contention that the notice

of appeal was timely only with respect to the denial of the motion

for a new trial. Although it was not filed until later, Clary

submitted his motion for a new trial within 10 days after the entry

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of final judgment.  See Houston v. Lack, 487 U.S. 266, 276 (1988). Accordingly, the time for filing the notice of appeal began to run from the disposal of the post-judgment motion.  See Mangieri v. Clifton, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994).

We find no abuse of discretion in the denial of Clary's motion for a continuance, or in the denial of his motion for the appointment of counsel.  See Streber v. Hunter, 221 F.3d 701, 736 (5th Cir. 2000); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).  The magistrate judge did not exclude relevant testimony or improperly participate in the trial.  Nor did the magistrate judge abuse his discretion in denying the motion for a new trial. Streber, 221 F.3d at 736.

**AFFIRMED.**