United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20742
Summary Calendar
_____

GREGORY ROLAND,

Plaintiff-Appellant,

versus

NURSE HAVEN, Estelle Unit Medical Department; Warden S. RICH,
Estelle Unit; J. CHAVES, Administrator of Medical Department;
DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE DOUG DRETKE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-5028
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gregory Roland, Texas prisoner # 1125992, filed a 42 U.S.C.
§ 1983 complaint alleging that he blacked out and suffered a
light stroke due to a denial of medical care by prison officials.
The district court granted the defendants' summary judgment
motion and dismissed Roland's complaint on the basis that Roland
had failed to exhaust his administrative remedies. Roland filed
a timely notice of appeal.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Roland argues that the district court erred in finding that he had failed to exhaust his administrative remedies through the use of the prison grievance procedure. Roland filed a Step One grievance form numbered 2033222407. He did not, however, file a Step Two grievance form. He contends that he filed another Step One grievance form that he intended to serve as his Step Two form. It is undisputed that the second Step One form was returned to Roland unprocessed. Roland has not shown that the district court erred in dismissing his complaint. See 42 U.S.C. 1997e(a).

Roland also argues that the district court abused its discretion when it denied his requests for appointment of counsel. We have considered the relevant factors and conclude that there were no exceptional circumstances to warrant the appointment of counsel. See Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982).

AFFIRMED.