# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2008

Charles R. Fulbruge III
Clerk

No. 06-60729
Summary Calendar

JOHN HALE

Plaintiff-Appellant

v.

HARRISON COUNTY BOARD OF SUPERVISORS; SERGEANT KELLY ROGERS; E W COLLINS; T P WILLS; DR PHILLIP COMPTON; RHONDA ROGERS, also known as Rhonda Puzz; DR ROBERT LAFLURE; NURSE WHITE; WALTER CLARK, Nurse; DAVID DECELL, Administrator of Medical Department; WAYNE PAYNE, Administrator HCADC

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:03-CV-840

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John Hale, Mississippi prisoner # 24720, appeals the district court's order denying his motion for the appointment of counsel to represent him in his 42 U.S.C. § 1983 civil rights action. Hale, who is currently proceeding pro se and in forma pauperis, argues that the legal issues involved in his case are complex,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the defendants are preventing him from investigating his claims, his psychotic disorders prevent him from being able to present his case, and he has been unable to retain counsel to represent him on a pro bono basis.

An interlocutory order denying the appointment of counsel in a § 1983 case is immediately appealable.  Robbins v. Maggio, 750 F.2d 405, 409-13 (5th Cir. 1985).  However, this court will not overturn a district court's decision regarding appointment of counsel unless the appellant shows a "clear abuse of discretion." Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).  A district court is not required to appoint counsel for an indigent plaintiff in a civil rights action unless there are exceptional circumstances.  Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Hale has not shown that the issues in his case are complex, that he is incapable of adequately presenting his case, or that exceptional circumstances require the appointment of counsel in his case.  He thus has not shown that the district court's order denying appointment of counsel was a clear abuse of discretion.  See Cupit, 835 F.2d at 86.  The district court's denial of Hale's motion for appointment of counsel is AFFIRMED.