# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-41165
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2013

Lyle W. Cayce
Clerk

DANNY L. BUSHER,

Plaintiff-Appellant

v.

MARIE TAYLOR,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:12-CV-255

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Danny L. Busher, Texas prisoner # 1744900, has appealed the magistrate judge's order and judgment dismissing his civil rights complaint with prejudice because Busher failed to exhaust his administrative remedies with respect to his claims against Marie Taylor, who was a nurse at the Smith County Jail, where Busher was incarcerated. *See Dillon v. Rogers*, 596 F.3d 260, 265 (5th Cir. 2010). After convening an evidentiary hearing, the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41165

magistrate judge found that Busher failed to pursue relief through the jail's grievance system. We review this finding for clear error. *See id.* at 273.

A fact finder's choice between two permissible views of the evidence cannot be clearly erroneous, even if the reviewing court would have weighed the evidence differently. *Sockwell v. Phelps*, 20 F.3d 187, 190 (5th Cir. 1994). "A finding of fact is clearly erroneous only if the reviewing court, after reviewing the entire record, is convinced that the trial court made a mistake." *Id.*

Busher asserts that an officer helped him to file a grievance; that Taylor had access to his inmate files and served as a record keeper and administrator at the jail; that Taylor removed his grievances from his files; and that Taylor's testimony at the hearing was untruthful. Busher contends that he has been wronged and that he should have his day in court.

There is no support in the record for Busher's contention that Taylor's testimony was untruthful or that she removed grievances from Busher's files. Busher has not shown that the magistrate judge clearly erred in crediting Taylor's testimony and in finding that Busher had failed to pursue relief through the jail's grievance system. *See Sockwell*, 20 F.3d at 190. The judgment is AFFIRMED. Busher's request for appointment of counsel is DENIED. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).