# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

─────────

No. 13-40659
Summary Calendar

─────────

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2014

Lyle W. Cayce
Clerk

STEVEN REYNALDO PEREZ,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; UNITED STATES MARSHAL SERVICE,
Southern District of Texas; UNITED STATES PROBATION OFFICE,
Southern District of Texas; UNKNOWN NAMED OFFICERS OF THE
UNITED STATES DISTRICT COURT, Southern District of Texas;
UNKNOWN NAMED OFFICERS OF THE UNITED STATES MARSHAL
SERVICE, Southern District of Texas; UNKNOWN NAMED OFFICERS OF
THE UNITED STATES PROBATION OFFICE, Southern District of Texas;
UNKNOWN NAMED INVESTIGATIVE OFFICERS OF THE UNITED
STATES GOVERNMENT; UNKNOWN NAMED LAW ENFORCEMENT
OFFICERS OF THE UNITED STATES GOVERNMENT; ROGER PEREZ,
United States Probation Officer,

Defendants-Appellees

─────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CV-376

─────────────

No. 13-40659

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Steven Reynaldo Perez, Texas prisoner # 1514617, filed a civil action raising claims arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and claims arising under the Federal Tort Claims Act (FTCA).  Perez's claims stemmed from his detention in state jail while awaiting trial on charges of murder and possession of a firearm by a felon.  In his complaint, Perez asserted that he could have obtained pretrial release if a detainer, stemming from a separate proceeding in federal court, had not been lodged against him.  He argued that the defendants failed to advise him that the district court in the federal proceeding had set bond and falsely advised that no bond had been set.  But for these actions, Perez maintained that he would have posted bond and obtained pretrial release from state jail.  The district court dismissed Perez's *Bivens* claims as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and as barred by the statute of limitations.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court dismissed Perez's claims arising under the FTCA for failure to state a claim and as time barred.  Following the dismissal, Perez filed a motion to amend the district court's factual findings and legal conclusions and a motion for a new trial.  The district court denied both motions.  Perez appealed.

Regarding the district court's judgment on the statute of limitations issue, we find no error with the district court's conclusion that Perez's suit was filed long after the limitations period ended.  Furthermore, the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not abuse its discretion in failing to apply equitable tolling.  Perez's contentions otherwise are unpersuasive.

In light of the foregoing, the district court did not abuse its discretion in denying Perez's motions for a new trial or his motion to amend.  *See Cates v. Creamer*, 431 F.3d 456, 460 (5th Cir. 2005).  Because the district court correctly determined that Perez's *Bivens* and FTCA claims were barred by the applicable statutes of limitations, we do not address Perez's arguments concerning the district court's alternative reasons for dismissing his claims.

Finally, Perez argues that the district court abused its discretion in failing to rule on his motion for the appointment of counsel and in thus implicitly denying the motion.  Because Perez did not show exceptional circumstances warranting the appointment of counsel, he has not shown that the district court abused its discretion in implicitly denying his motion.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

The judgment of the district court is AFFIRMED.  Our affirmance and the district court's dismissal count as one strike under § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Perez has previously accumulated one strike.  *See Perez v. United States*, No. 2:10-cv-00246; *Perez v. United States*, 481 F. App'x 203 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 953 (2013).  Perez is WARNED that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal, filed while he is incarcerated or detained in any facility, unless he "is under imminent danger of serious physical injury."  *See* § 1915(g).