# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10361
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2016

Lyle W. Cayce
Clerk

ROGER DALE MEDFORD,

Plaintiff-Appellant

v.

TARRANT COUNTY; SHERIFF DEE ANDERSON; CHARLES PENROD; BRIAN BOHN; MARK NEWTON; BRIAN WALLACE; JORGE ROBLES; #7 UNKNOWN OFFICER, Jail Intake and Classification Officer; #8 UNKNOWN OFFICER; #9 UNKNOWN OFFICER; #10 UNKNOWN OFFICER; #11 UNKNOWN OFFICERS, 17 Unknown Officers; #12 UNKNOWN SUPERVISOR, also known as Officer Swain; OFFICER AGUIRRE; OFFICER CUKRAN; OFFICER MCCRAY,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-3

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Roger Dale Medford, Texas prisoner # 759936, filed a 42 U.S.C. § 1983 complaint wherein he alleged that the defendants failed to protect him; used

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10361

excessive force; assaulted him; failed to provide medical treatment; conspired to retaliate against him for exercising his First Amendment right of access to the court; retaliated against him for exercising his First Amendment rights to free speech and freedom of religion; violated his rights under the Equal Protection Clause, Americans with Disabilities Act, and section 504 of the Rehabilitation Act; and violated his procedural and substantive due process rights. The district court dismissed the complaint in part under 28 U.S.C. § 1915A. Medford then filed a motion for appointment of counsel arguing that an attorney should be appointed because his imprisonment limited his availability to litigate and investigate the case; the issues were complex; and a trial would involve conflicting testimony. The district court denied the motion. The defendants subsequently filed a motion for summary judgment arguing that the remaining claims should be dismissed. Medford filed a second motion for appointment of counsel asserting that he could not adequately oppose the motion for summary judgment without counsel. The district court denied the motion for appointment of counsel and granted the motion for summary judgment. With respect to the grant of the motion for summary judgment, the district court determined that that the claims were without merit and that Medford failed to exhaust his administrative remedies before filing suit.

Medford argues that the district court erred in granting the defendants' motion for summary judgment and denying his motions for appointment of counsel. He contends that he needed counsel to address the issues raised in the motion for summary judgment because he did not have the ability or resources to rebut the motion. Medford's case, however, does not raise complex legal issues. Additionally, Medford's pleadings indicate that he has the ability to present his case adequately. Further, there is no indication that Medford would be unable to adequately investigate his case. In light of the preceding,

the district court did not err in denying Medford's requests for counsel and granting the motion for summary judgment without the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982). Because Medford neither challenges the district court's determination that his claims were without merit nor the determination that his claims were unexhausted, he has abandoned any such challenge. *See Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is therefore AFFIRMED.