# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40075
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2017

Lyle W. Cayce
Clerk

PEDRO TIEMPO GARCIA,

Plaintiff-Appellant

v.

SENIOR WARDEN G. CURRIE; ASSISTANT WARDEN M. BARBER; CAPTAIN B. RODRIGUEZ; LIEUTENANT J. MIRELES; WARDEN C. E. MONROE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CV-226

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pedro Tiempo Garcia, Texas prisoner # 1060889, filed a 42 U.S.C. § 1983 complaint against various prison officials alleging that his civil rights had been violated. The district court granted summary judgment in favor of the defendants and dismissed the complaint with prejudice. Garcia timely appealed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40075

Garcia challenges the district court's denial of his request for the appointment of counsel. The appointment of counsel in a civil rights action is warranted only in exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). Having reviewed the relevant factors and the record in this case, we conclude that the district court did not abuse its discretion in denying Garcia's motion. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer*, 691 F.2d at 213.

The district court dismissed Garcia's claims for money damages against the defendants in their official capacities as barred by the Eleventh Amendment. Because Garcia does not challenge this particular ruling in his opening brief, he has abandoned any challenge to the ruling on appeal. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Following a contact visitation during which officers observed Garcia orally ingesting small objects passed to him from his visitor, Garcia was placed in dry cell isolation. He argues that the conditions of his confinement there were inhumane because he was clothed only in a paper gown in a cold, bare cell and was not given soap, daily showers, or free access to running water or toilet paper. The summary judgment evidence established that the policy prescribing the conditions of confinement in dry cell isolation, while harsh and restrictive, are reasonably related to the legitimate penological interest of curtailing the influx of illicit drugs into the prison unit. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Talib v. Gilley*, 138 F.3d 211, 214-15 & n.4 (5th Cir. 1998). Thus, the district court correctly determined that Garcia did not establish an Eighth Amendment violation. *See Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989) (holding that the Eighth Amendment protects

prisoners from conditions of confinement that constitute threats to health but not against those that cause mere discomfort or inconvenience).

Garcia maintains that his due process rights were violated when he was placed into dry cell isolation for 44 hours and then into solitary confinement for 38 days without having been charged with a disciplinary infraction and without having received a hearing.  The Due Process Clause "does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). A punitive housing reassignment, by itself, does not trigger any due process protections.  *See Sandin v. Conner*, 515 U.S. 472, 486 (1995).  Taking all of Garcia's allegations as true, nothing about his placement in either dry cell isolation or solitary confinement had the effect of lengthening his sentence. Accordingly, no liberty interest was implicated, *see Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), and no due process protections were triggered.

AFFIRMED.