**Leonard Wayne KITT, Plaintiff-Appellant**

v.

**Tracy H. BAILEY, Senior Warden, and Reprimanding Authority; Jody L. Vincent; Lakeshia L. Cooper; Kristy C. Cooper; Ms. Frencher, (University of Texas Medical Branch) Employee/LVN Nurse; Gwynn Fincher; Billy A. McCreary, Jr.; Andrew L. Allen; Henry L. Ford, III; David W. Allmon; Executive Director, Deputy Executive Director, Division Director, Deputy Directors, Regional Directors, Assistant Directors, Defendants-Appellees**

No. 15-20378
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Filed February 14, 2017

Leonard Wayne Kitt, Pro Se

Bruce Russell Garcia, Assistant Attorney General, Office of the Attorney General, Law Enforcement Defense Division, Austin, TX, for Defendants-Appellees

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Leonard Wayne Kitt, Texas prisoner # 655955, filed a 42 U.S.C. § 1983 civil rights action against officials of the Texas Department of Criminal Justice. He alleged that excessive force was used against him when he was sprayed with a chemical agent prior to being moved from a shower cell to another cell. All defendants except Billy McCreary were dismissed because Kitt failed to state a claim against them. McCreary was later dismissed by summary judgment based on qualified immunity. Even when Kitt's appeal pleadings are liberally construed, he appeals only the dismissal of McCreary. His other potential claims are waived by lack of briefing. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review de novo the grant of summary judgment. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012). "Summary judgment is proper if the pleadings and evidence show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*; *see* FED. R. CIV. P. 56(a). To defeat summary judgment, Kitt must set forth specific facts showing the existence of a genuine issue for trial. *See* FED. R. CIV. P. 56(c)(1).

Because McCreary invoked the defense of qualified immunity, Kitt must also negate that defense by pleading facts to show a violation of a right that was clearly established at the time of the incident and that, in light of that clearly established law, the defendant's conduct was objective-

ly unreasonable. *See Short v. West*, 662 F.3d 320, 325 (5th Cir. 2011). Where a prison official is alleged to have used excessive force, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). We give great weight to the facts shown in video recordings made at the scene. *See Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012).

Uncontested summary judgment evidence, including a video recording and Kitt's pleadings, shows that McCreary sprayed Kitt's upper back and the back of his head with a chemical agent for about five seconds when Kitt refused to submit to a strip search and cell restraints for the purposes of removal from the shower cell. Kitt then complied with instructions. Upon reaching his new cell, Kitt complained of chest pains and shortness of breath. He received immediate medical attention and suffered no apparent injury or lingering ill effects from being sprayed.

Moreover, Kitt has admitted that he refused to comply with orders to submit to restraints. But he notes that no disciplinary charge was made against him, which he asserts is proof that he was right to resist being handcuffed because he should simply have been released from the shower cell. Prison officials are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Kitt's mere conclusional assertion

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he should simply have been released does not establish that he was entitled to disobey an order. Moreover, he does not show that McCreary should have known restraints were not needed or that McCreary acted in bad faith or unreasonably.

Although Kitt contends that force was unnecessary because he was not actively resisting or creating a disturbance, no clearly established law forbids the application of a single burst of a chemical irritant in order to compel a prisoner to comply with an order. There is no genuine dispute that Kitt refused to comply with orders and that McCreary's actions were objectively reasonable under the circumstances. *See Hudson*, 503 U.S. at 6–7, 112 S.Ct. 995. Kitt thus has failed to overcome the defense of qualified immunity. *See Short*, 662 F.3d at 325.

Kitt contends that he was sprayed with chemicals in violation of a medical restriction against exposure to pollutants. As noted by the district court, Kitt was restricted from exposure to chemicals in his workplace, but not for disciplinary purposes. In any event, "a prison official's failure to follow the prison's own policies, procedures or regulations" does not, in itself, amount to constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Finally, Kitt argues that, without a disciplinary charge to defend against, he was denied due process of law because he could not present his version of events. This argument does not pertain to the relevant issue of McCreary's qualified immunity. Moreover, Kitt was afforded due process when he had the opportunity to set forth his version of events in a prison grievance he filed about the force incident. *Cf. Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014) (noting that the use of the prison grievance system afforded the prisoner due process).

The district court's judgment is AFFIRMED. Kitt's motion for appointment of counsel is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Kitt's motion to order the submission of missing evidence is DENIED. Kitt's motion "to question the evidentiary support" is construed as a request to allow additional briefing (which have been filed) and, as such, is GRANTED. Kitt's motions to file a supplemental brief and to file a supplemental reply brief (which have been filed) are GRANTED. All other requested relief is DENIED.