# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40390
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
April 25, 2017

Lyle W. Cayce
Clerk

JOHNATHAN FRANKLIN,

Plaintiff-Appellant

v.

CHAD L. SAMUELS; JACKIE F. BUSH; MICHAEL W. STEVENS; CARL M. BURSON; RICHARD WALDRON,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:13-CV-230

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Johnathan Franklin, Texas prisoner # 1550282, appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 action. He also moves for the appointment of counsel. In his § 1983 complaint, Franklin alleged that a number of correctional staff were deliberately indifferent to a serious risk to his health and safety in violation of his Eighth Amendment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40390

rights.  He also alleged that staff retaliated against him by telling inmates that he was an informant.

We review a grant of summary judgment de novo, using the same standard as that employed by the district court.  *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  If the moving party establishes this, the burden shifts to the nonmovant to set forth specific evidence to support his claims.  *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

Here, Franklin failed to bring forward any specific evidence to support his allegation that correctional staff retaliated against him or that staff were deliberately indifferent to the risk of inmate violence against him.  *See Duffie*, 600 F.3d at 371; *Adames v. Perez*, 331 F.3d 508, 515 (5th Cir. 2003).  In the absence of any evidence that the defendants had a subjective awareness of an excessive risk to Franklin's safety or evidence to support his retaliation claim, the district court did not err in granting summary judgment for the defendants.  *See Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

The district court's judgment is AFFIRMED.  In addition, as his case does not present exceptional circumstances warranting appointment of counsel, his motion for appointment of counsel is DENIED.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).