# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51243
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2017

Lyle W. Cayce
Clerk

DAVID RODRIGUEZ,

　　　　　　　　　　　　Plaintiff-Appellant

v.

JONATHAN GARCIA, Badge Number 1777, Bexar County Sheriff; KEISHA LNU, Nurses Aid, University Health System; JAMES LNU, Nurses Aid, University Health System; CHERYL ANN SUMMERVILLE; UNIVERSITY HEALTH SYSTEM; BEXAR COUNTY ADULT DETENTION CENTER,

　　　　　　　　　　　　Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-861

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Rodriguez, Texas prisoner # 2098768, moves for the appointment of counsel and appeals the dismissal of his 42 U.S.C. § 1983 action against a nurse (Cheryl Ann Summerville), a deputy (Jonathan Garcia), Bexar County, Bexar County Hospital District d/b/a University Health System (hereinafter

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51243

University Health System), and two incompletely identified nurse's aides (Keisha and James). Rodriguez's claims stemmed from incidents that occurred when he was a pretrial detainee, specifically (1) during his hospitalization on a controlled access unit for the treatment of injuries sustained in a collision after a high-speed chase from the police and (2) during his confinement in the jail infirmary following his release from the hospital.

In his brief, Rodriguez fails to challenge the district court's rejection of his claims against one nurse's aide (Keisha), his state tort claims, and his municipal liability claims against Bexar County and the University Health System. He has thus abandoned any challenge to the district court's rejection of those claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Regarding his remaining claims, Rodriguez first argues that, in granting summary judgment dismissal of his excessive force claims against Garcia, the district court improperly decided disputed factual issues. Additionally, Rodriguez argues that the injuries he received as a result of his altercation with Garcia were severe enough to raise a genuine dispute of material fact regarding his excessive force claim.

We review a district court's grant of summary judgment de novo, applying the same standard as the district court and viewing the facts in the light most favorable to the nonmoving party. *See Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

While there may be some disputed facts, as Rodriguez points out, there was no genuine dispute of a material fact. *See Savant v. APM Terminals*, 776 F.3d 285, 288 (5th Cir. 2014). The undisputed facts show that Rodriguez's leg was initially injured in the collision, he underwent surgery, he later sustained

No. 15-51243

a plate failure of the hardware placed in his injured leg during surgery, and he required further surgery.  Even if the plate failure occurred after Rodriguez's altercation with Garcia, the undisputed facts show that, given the totality of the circumstances confronting Garcia, in particular Rodriguez's mental status, his acting without authorization in the hospital, his continued struggle with Garcia and resistance during the altercation, and Garcia's need to prevent Rodriguez from taking control of his weapon, the district court did not err in concluding that Garcia's conduct was objectively reasonable and did not violate Rodriguez's constitutional rights.  *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015); *Ramirez v. Knoulton*, 542 F.3d 124, 128-29 (5th Cir. 2008). Because there was no constitutional violation, the district court did not err in finding that Garcia was entitled to summary judgment on the basis of qualified immunity.  *Tolan v. Cotton*, 134 S. Ct. 1861, 1865-66 (2014); *Savant*, 776 F.3d at 288.

Next, we discern no error in the district court's grant of summary judgment to Garcia and Summerville as to Rodriguez's claim that he was forced to take antipsychotic medication.  *See Savant*, 776 F.3d at 288.  The undisputed facts, including Rodriguez's admission that he was suffering from paranoia, establish that he experienced an active psychiatric disorder during his hospitalization and that his physician concluded that medication was indicated.  In light of the foregoing, even if it is assumed that Rodriguez was forced to take antipsychotic medication during his hospitalization, there was no constitutional violation.  *See Washington v. Harper*, 494 U.S. 210, 227 (1990).  To the extent Rodriguez claims that his physician erroneously determined that antipsychotic medication was indicated, unsuccessful medical treatment, negligent acts, medical malpractice, and a prisoner's disagreement

3

with his medical treatment are insufficient to establish a constitutional violation. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Rodriguez's challenge to the district court's rejection of his claim that his constitutional rights were violated when he was placed in restraints for over 30 hours is likewise unavailing. The undisputed facts show that, while Rodriguez was hospitalized, he was placed in restraints by health care staff based on his psychiatric status. Any disagreement with whether restraints were medically indicated does not establish a constitutional violation. *See Gobert*, 463 F.3d at 346; *see also Kingsley*, 135 S. Ct. at 2473. Accordingly, the district court did not err in rejecting this claim. *See Savant*, 776 F.3d at 288; *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

Rodriguez lastly contends that the district court erred in dismissing his claim that the defendants acted with deliberate indifference to his medical needs by ignoring his reports of injuries and pain for 21 days after the September 25, 2012, altercation. Regarding Summerville, the district court did not err in granting summary judgment because Rodriguez does not dispute that Summerville had no involvement in his care after September 25th. *See Savant*, 776 F.3d at 288. As to Garcia, the district court did not err because Rodriguez does not argue that Garcia is a health care provider or that Garcia provided his medical or nursing care when he was hospitalized through September 29, 2012, or after his transfer to the jail infirmary, where he remained confined until an orthopedist diagnosed the hardware failure in October 2012. *See id.*

In light of the foregoing, the judgment of the district court is AFFIRMED. Because Rodriguez has not shown "exceptional circumstances," *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982), his motion seeking the appointment of counsel is DENIED.