# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2020

Lyle W. Cayce
Clerk

No. 19-30157
Summary Calendar

BRENT J. CAUBARREAUX,

Plaintiff−Appellant,

versus

SIERRA ENGINEERING, L.L.C.; ZURICH NORTH AMERICA;
EVERSHEDS SUTHERLAND U.S., L.L.P.,
formerly known as Sutherland, Asbill & Brennan; ELIZABETH LESTER;
DOFFERMYRE, SHIELDS, CANFIELD & KNOWLES, L.L.C.,
incorrectly named as Doffermyre Shields Canfield,

Defendants−Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CV-1302

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Brent Caubarreaux appeals a judgment of dismissal for want of subject

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30157

matter jurisdiction per a Federal Rule of Civil Procedure 12(b)(1) motion and also appeals the denial of his second motion to amend his complaint. He additionally moves for appointed counsel and to correct the caption sheet.

Federal courts have limited jurisdiction and may adjudicate only claims over which they have statutory jurisdiction. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The plaintiff has the burden of establishing jurisdiction, and a dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is reviewed *de novo*. *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). The denial of a motion to amend is reviewed for abuse of discretion, but a district court must have a "substantial reason" to deny such a motion. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (internal quotation marks and citation omitted).

Caubarreaux failed to establish subject matter jurisdiction. *See Fema Trailer*, 668 F.3d at 286. His invocation of the Jones Act ("JA") is unavailing because he has not alleged facts that show he qualifies as a JA seaman. *See Naquin v. Elevating Boats, L.L.C.*, 744 F.3d 927, 932–33 (5th Cir. 2014). His invocation of the Longshore and Harbor Workers' Compensation Act is likewise unavailing because the record does not show that he was challenging a final award of benefits. *See Ceres Gulf v. Cooper*, 957 F.2d 1199, 1208 (5th Cir. 1992); 33 U.S.C. § 921(d). He likewise has not shown an abuse of discretion in connection with the denial of amendment, given that the record shows undue delay. *See Marucci Sports*, 751 F.3d at 378. His motion for appointed counsel is not well taken because he has not shown that there is anything extraordinary about his case. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Finally, his motion to correct the caption is denied as trivial.

AFFIRMED.