# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2021

Lyle W. Cayce
Clerk

No. 20-40310
Summary Calendar

BILLY JEROME WILLIAMS,

*Plaintiff—Appellant*,

*versus*

PAUL REILLEY; APRIL PERSINGER; HELEN PARKER, *LVN*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:18-CV-195

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.
PER CURIAM:*

Billy Jerome Williams appeals the dismissal of his civil rights action asserting that the defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. The district court dismissed his complaint for failure to state a claim, pursuant to Federal Rule

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40310

of Civil Procedure 12(b)(6). We review the district court's dismissal de novo. *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).

On appeal, Williams makes no argument challenging the district court's determination that his claims against the defendants fail to state a claim of deliberate indifference. Accordingly, he has abandoned any such challenge. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Additionally, to the extent Williams contends that the defendants should be held accountable for their negligence, negligent acts or disagreements with the medical treatment received do not rise to the level of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Accordingly, the district court's judgment is AFFIRMED. Williams's motions for the appointment of counsel are DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

The district court's dismissal of Williams's complaint for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537-40 (2015). Williams is WARNED that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).