# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20475
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2014

Lyle W. Cayce
Clerk

RODERICK KEITH JOHNSON,

Plaintiff-Appellant

v.

JOHN DOE; BRAD LIVINGSTON, Executive Director of Texas Department of Criminal Justice; RICK THALER, Director of Correctional Institutions Division; Senior Warden RICHARD HERRERA; LANETTE LITHICUM, Director of Health Services Division,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2728

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Roderick Keith Johnson, Texas prisoner # 1455959, appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 action filed against various officials of the Texas Department of Criminal Justice (TDCJ),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleging that the defendants[1] violated his constitutional rights while he was housed in administrative segregation as a protective custody inmate.

We review the grant of summary judgment de novo, applying the same standards as the district court. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In conducting our review, we view the evidence in the light most favorable to the nonmoving party; however, "conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence" are insufficient. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

In his brief to this court, Johnson provides only a conclusory statement that he "exhausted all available means," yet he presents no argument challenging the determination that he did not exhaust his claim that the defendants failed to protect him from assault. Likewise, he does not challenge the determination that his retaliation claim lacked merit. Johnson thus abandons these issues by failing to adequately brief them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

With respect to his individual-capacity claims, Johnson first argues that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment because he has been confined to a single-person cell for 23 hours per day, which he describes as total isolation, since August 2011. He contends that the conditions of his confinement have exacerbated his mental illnesses and caused him serious psychological and physical pain. Assuming Johnson can show a sufficiently serious deprivation, he also must show that

---

[1] While the summary judgment motion was pending, Johnson moved to dismiss Lanette Lithicum as a defendant; the district court granted his request.

prison officials acted with "deliberate indifference" to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). *Farmer*'s subjective prong requires that a prisoner demonstrate that the prison official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," that the officer in fact drew such an inference, and that the officer nevertheless disregarded the risk. *Id.* at 837.

Johnson does not point to any competent evidence that Executive Director Brad Livingston, Director Rick Thaler, or Senior Warden Richard Herrera knew of the conditions about which he complains or that they deliberately disregarded an excessive risk to human health or safety. *See id* at 837, 843. Further, Johnson's claim regarding the conditions in administrative segregation is largely premised on the defendants' alleged use of isolation on an inmate, such as himself, with "serious mental illness." However, he fails to explain how this risk was, as he claims, obvious to any of the defendants when the record demonstrates that Johnson was diagnosed only with post-traumatic stress disorder for which he was prescribed medication. The standard required to succeed on a deliberate-indifference claim is "extremely high," and Johnson has not met it here. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

In Johnson's second issue, he maintains that he is "totally incapacitated" in the administrative segregation unit and that prison officials violated his constitutional rights by denying him access to adequate mental health care. However, Johnson's assertions that he has been denied access to mental health care and that he suffers from chronic mental illness, severe paranoia, psychosis, and suicidal thoughts are rebutted by his mental health records. *Gobert v. Caldwell*, 463 F.3d 339, 346 n.24 (5th Cir. 2006). Johnson's claim essentially amounts to a disagreement with the mental health care he has been

provided.  Such disagreement does not constitute deliberate indifference to his medical needs.  *Id.* at 346.

As to his official-capacity claims, Johnson vaguely refers to "unconstitutional and unlawful policies and practices" regarding his mental illnesses.  He also maintains that the defendants have "tacitly accepted . . . a code of silence" encouraging abuse on prisoners.  These assertions, which are conclusory and without factual support, are insufficient to defeat summary judgment.  *See McFaul*, 684 F.3d at 571.

Johnson also contends that the district court erred in denying his request for injunctive relief.  This contention fails because he did not establish success on the merits.  *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006).

Finally, Johnson challenges the district court's denial of his motion for the appointment of counsel.  However, no exceptional circumstances exist as he has demonstrated an ability to litigate and his case is not complex.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).  Accordingly, the denial of the motion for appointment of counsel was not an abuse of discretion.  *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).

Viewing the evidence in the light most favorable to Johnson, defendants Livingston, Thaler, and Herrera were entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(a).  Johnson's motion for the appointment of appellate counsel and his motion for an injunction pending appeal are denied.

AFFIRMED; MOTIONS DENIED.