# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40875
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2016

Lyle W. Cayce
Clerk

RICHARD JOHN PENA,

Plaintiff-Appellant

v.

TANYA BROWN, Victoria Police Department,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:13-CV-35

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Richard John Pena, Texas prisoner # 908364, appeals the judgment of the district court dismissing his 42 U.S.C. § 1983 action for excessive force in accordance with the jury verdict for the defendant. He argues that the district court erred when it denied his motion to appoint counsel, permitted testimony in contravention of a motion in limine ruling, and permitted a witness to remain in the courtroom during trial after Pena invoked Federal Rule of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40875

Evidence 615.   Pena also contends that the same witness's testimony was improper because he had no personal knowledge of the facts of Pena's arrest. Given the latitude allowed pro se litigants, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), we find that Pena has sufficiently briefed his issues on appeal.

"A civil rights complainant has no right to the automatic appointment of counsel." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).  A district court, in its discretion, may appoint counsel to represent a § 1983 plaintiff "if doing so would advance the proper administration of justice."  *Id*. at 213. Appointment of counsel is not required "unless the case presents exceptional circumstances."  *Id*. at 212.  Here, the district court found no such exceptional circumstances existed.  This was not an abuse of discretion.  The defense case was not complex.  Only one defendant remained by the time of trial.  The defendant introduced only two exhibits at trial, and, excluding the parties, called only five witnesses.  The record demonstrates that Pena filed numerous cogent pretrial pleadings and motions, and that he ably examined and cross-examined witnesses at trial.  The legal contours of excessive force claims are well established and not particularly complex. *See Hudson v. McMillan*, 503 U.S. 1 (1992).

A properly preserved objection to an evidentiary ruling is reviewed for an abuse of discretion and is subject to a harmless error analysis.  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 757 (5th Cir. 2008); *see also Longoria v. Wilson*, 730 F.2d 300, 305 (5th Cir. 1984) (applying harmless error analysis to violation of in limine ruling).  Assuming Pena properly preserved his objections, the testimony he objects to arguably did not violate the motion in limine ruling.  Even if it did, there is nothing to indicate that his substantial rights were affected.   The district court did not abuse its discretion by

No. 14-40875

permitting this testimony.  *See Cisneros-Gutierrez*, 517 F.3d at 757; *Longoria*, 730 F.2d at 305.

Rule 615 states that at the request of a party, "the court must order witnesses excluded so that they cannot hear other witnesses' testimony"; however, the rule "does not authorize excluding . . . (c) a person whose presence a party shows to be essential to presenting the party's claim or defense." "Whether or not a witness is essential, and hence should be exempt from Rule 615 exclusion, is a matter soundly within the discretion of the trial court." *Polythane Sys., Inc. v. Marine Ventures Int'l, Ltd.*, 993 F.2d 1201, 1209 (5th Cir. 1993).  The witness Pena complains of was designated and testified as an expert witness.  As "[e]xpert witnesses clearly fall within Rule 615([c])'s exception," the district court did not abuse its discretion by permitting the witness to remain in the courtroom after Pena invoked the rule.  *Id.*

Finally, Pena is incorrect as to the content of the complained-of witness's testimony.  This witness testified at trial as an expert witness, not a fact witness.  The witness specifically stated that he was not present nor did he have any personal knowledge of Pena's arrest, despite his pretrial affidavit indicating personal knowledge.  The witness did not provide any testimony about the arrest; rather, he offered his opinion that the use of force during the arrest was reasonable based on the information he had reviewed, and Pena was allowed to impeach the witness with the affidavit.  Thus, his argument is unavailing.

AFFIRMED.