# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50472

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2016

Lyle W. Cayce
Clerk

ROBERT KRAMER,

Plaintiff-Appellant

v.

CORRECTIONAL OFFICER A. CASTANEDA; RUBEN SANCHEZ, John Doe #1; IMER COLLINS, Jane Doe #1-Property Officer; C. LAWSON, Regional Grievance; GORGE MOTA, John Doe #2,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:13-CV-20

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert Kramer, Texas prisoner # 643733, moves for the appointment of counsel and for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 action as frivolous. By moving to proceed IFP, Kramer challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50472

To proceed IFP, a litigant must be economically eligible, and the appeal must be taken in good faith. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). An appeal is taken in good faith if it raises legal points that are arguable on the merits and thus nonfrivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Kramer has not shown that his appeal has arguable merit. *See id.* Accordingly, his motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Kramer's action as frivolous and our dismissal count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Kramer has previously accumulated two other strikes. *See Kramer v. Hanley*, No. 1:07-cv-00112 (W.D. Tex. June 21, 2007); *Kramer v. Bisco*, No. 6:09-cv-36 (S.D. Tex. Aug. 15, 2011). Kramer is, therefore, barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

Finally, Kramer has not shown "exceptional circumstances" warranting the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Accordingly, we deny his motion for the appointment of counsel.

MOTIONS DENIED; APPEAL DISMISSED; SANCTION BAR IMPOSED.