# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40894

RAYMOND CHARLES JACKSON,

United States Court of Appeals
Fif h Circuit

**FILED**
April 13, 2017

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

BRYAN COLLIER, MICHAEL ROESLER; DALE R. WHITE; DALE L. DAWSON; JACQUELINE J. SANDERS,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 3:12-CV-315

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Raymond Charles Jackson, Texas prisoner # 1570860, seeks to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(b)(1), (e)(2)(B)(1). According to Jackson, the defendants violated his Eighth Amendment rights by failing to properly install and monitor the condition of 30-year-old ductwork in the Officer's Dining Room. According to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40894

Jackson, he was working in the Dining Room when the ductwork suddenly came loose and struck him in the head, causing a large wound. We grant Jackson's motion to file a supplemental memorandum in support of his motion and have considered the supplemental memorandum outlining his arguments for appeal.

Jackson has failed to allege facts showing that the defendants were aware of facts from which they could infer that the ductwork was dangerous and that they did, in fact, draw the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006). Moreover, Jackson does not advance his case with his barebones assertion of a prior similar "kind of incident," of unspecified cause and resulting in unspecified injury. *See id.* Aside from conclusory, and therefore insufficient, assertions of knowledge, Jackson has presented only a complaint of negligence. *See Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995). Jackson has shown no error in the district court's dismissal of his claim. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

For the reasons set forth above, we deny the motion to proceed IFP on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). We likewise deny Jackson's motion for appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). We dismiss the appeal as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

This court's dismissal of this appeal as frivolous and the district court's dismissal count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Jackson is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

2

No. 15-40894

MOTION TO FILE SUPPLEMENTAL MEMORANDUM IN SUPPORT GRANTED; MOTION FOR LEAVE TO PROCEED IFP DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.