# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2022

Lyle W. Cayce
Clerk

No. 21-60665
Summary Calendar

Carlos Lema Nogales,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A092 961 344

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Carlos Lema Nogales, a native and citizen of Ecuador, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an Immigration Judge (IJ) denying his application for relief under the Convention Against Torture (CAT). Because

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60665

Lema Nogales's claim concerning his legal mail was not presented to the BIA, it is unexhausted, and we lack jurisdiction to consider it. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *see also Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022); 8 U.S.C. § 1252(d)(1). He also raises a claim concerning an alleged breach of confidentiality by the Government for submitting immigration related documents to a former prosecutor or investigator. The BIA found that this claim was not exhausted because it was not raised before the IJ. Though he now argues he could not have raised the issue to the IJ, Lema Nogales did not file a motion to reconsider before the BIA raising the exhaustion issue; thus, this court lacks jurisdiction to consider it. *See Martinez-Guevara*, 27 F.4th at 360. His motion for appointed counsel is denied because he has not shown that his case presents extraordinary circumstances. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

The BIA's adverse credibility determination is supported by "specific and cogent reasons derived from the record," *see Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005), and consideration of the record as a whole does not show that "no reasonable fact-finder" could make such a determination, *see Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (internal quotation marks and citation omitted); *see also id.* at 224. In light of the adverse credibility determination, there is no evidence to support Lema Nogales's core assertion that he will be tortured if returned to Ecuador. Additionally, he cites "no independent, non-testimonial evidence," *see Arulnanthy v. Garland*, 17 F.4th 586, 598 (5th Cir. 2021), showing it is more likely than not that he will be tortured with governmental acquiescence if repatriated, *see Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015).

His claim of judicial bias fails because he has not shown that the IJ held such a bias against him that impartiality was impossible. *See Wang v. Holder*, 569 F.3d 531, 540-41 (5th Cir. 2009). His claims challenging the admission

of certain evidence fails because the disputed documents were probative and because their admission was not fundamentally unfair. *See Bouchiki v. Holder*, 676 F.3d 173, 179 (5th Cir. 2012). Insofar as he contends that the IJ failed to assign the proper weight to the testimony of one witness, we decline this invitation to reweigh the evidence. *See Mirza v. Garland*, 996 F.3d 747, 753 (5th Cir. 2021). The petition for review is DENIED in part and DISMISSED in part. The motion for appointment of counsel is DENIED.